UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA KOUTSOUKOS,

       Plaintiffs,                                       Hon. Ellen S. Carmody

v.                                                          Case No. 1:15-cv-816

ADECCO USA, INC., et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on Defendant Child and Family Services' Motion for Summary Judgment. (ECF No. 17). On May 17, 2016, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (ECF No. 27). For the reasons discussed herein, Defendant's motion is **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). In August 2013, Plaintiff sought employment with Adecco Staffing. From September 26, 2013, through October 3, 2014, Plaintiff was placed by Adecco in an assignment with the Michigan Education Association. From October 7, 2014, through November 24, 2014, Plaintiff was placed by Adecco in an assignment with Child and Family Services. From February 27, 2015, through March 10, 2015, Plaintiff was placed by Adecco in an assignment with Lake Trust Credit Union.

Plaintiff's assignment at the Michigan Education Association began "the day after Plaintiff received a response from a defendant in a pending lawsuit." Counsel for this defendant worked in a law firm "right next door to the Michigan Education Association." Plaintiff "was exploited and subjected to harassment while at Michigan Education Association pertaining to the pending lawsuit, to comments regarding the invasion of Plaintiff's privacy at her residences, to comments regarding a fabricated relationship with an employment superior of the Plaintiff, and to interference with Plaintiff's landlord/tenant issues." Plaintiff reported this harassment to the Adecco Human Resource manager who responded by stating to Plaintiff that "the employees weren't talking about you" and that she "was eavesdropping on their conversations and. . .needed to just do her job." Plaintiff was subsequently "moved to two different departments and then removed from employment."

Plaintiff was "exploited and subjected to harassment of the same nature at Child and Family Services and was also told she lost her previous job because she dated someone with whom she had worked." Plaintiff was subsequently "removed from employment." Plaintiff was "exploited and subjected to harassment at Lake Trust Credit Union of the same nature." When Plaintiff reported this harassment, she "was removed from the assignment."

The Michigan Education Association, Child and Family Services, and Lake Trust Credit Union "created and allowed a hostile work environment, intruded upon Plaintiff's personal privacy, and removed Plaintiff from employment." Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) charges of unlawful discrimination against all three organizations. The EEOC dismissed Plaintiff's charges and issued right to sue letters to Plaintiff on May 14, 2015. On August 13, 2015, Plaintiff initiated the present action against: (1) Michigan Education

Association; (2) Child and Family Services; (3) Lake Trust Credit Union; and (4) Adecco USA, Inc. Defendant Child and Family Services now moves to dismiss Plaintiff's claims on the grounds that such fail to state a claim on which relief may be granted.

## ANALYSIS

Plaintiff's claims are asserted under Title VII of the Civil Rights Act of 1964 which makes it illegal for an "employer" to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). This latter requirement is known as the numerosity requirement and it constitutes "an element of the plaintiff's case rather than a jurisdictional requirement." *Sanford*, 449 Fed. Appx. at 491 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006)).

There also exist two separate doctrines by which an employer that otherwise does not satisfy the numerosity requirement can be subject to Title VII liability. Under the single-employer doctrine an entity which does not formally employ a plaintiff will nevertheless be considered an employer for Title VII purposes where that entity is "interrelated" with another entity such that *all* the employees of one entity are attributed to the other entity. *See Loewen v. Grand Rapids Medical Education Partners*, 2012 WL 1190145 at *5 (W.D. Mich., Apr. 9, 2012) (citations omitted). The factors relevant to this determination are the degree of: (1) interrelated operations; (2) common

management; (3) centralized control of labor relations; and (4) common ownership.  *Id.* (citation omitted).  Where the single-employer doctrine applies, all the employees of the two entities are "aggregated to determine whether the numerosity requirement has been met."  *Sanford*, 449 Fed. Appx. at 491 (citation omitted).

Under the joint-employer doctrine an entity is considered the joint employer of another entity's employees, and thus subject to Title VII liability, if the two entities "share or co-determine those matters governing essential terms and conditions of employment."  *Sanford*, 449 Fed. Appx. at 492 (citation omitted).  The factors relevant to this determination are "the ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance."  *Id.* (citation omitted).  Where the joint-employer doctrine applies, "only the employees over whom the first employer maintains sufficient control are aggregated with its own formal employees."  *Id.* at 491 (citation omitted).

Child and Family Services asserts that it is entitled to relief on the ground that even if it is considered Plaintiff's employer, Plaintiff has failed to allege facts sufficient to satisfy the numerosity requirement.  The Court agrees.  Plaintiff has not alleged that Child and Family Services employs more than 15 people.  Likewise, Plaintiff has failed to allege facts sufficient to establish that either the single-employer or joint-employer doctrines, described above, apply.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

As noted above, this numerosity threshold "is an element of the plaintiff's case."  By failing to allege facts sufficient to satisfy the numerosity requirement, Plaintiff has failed to state a claim on which relief may be granted.  Defendant is also entitled to relief under Rule 12(b)(6) because Plaintiff's complaint contains absolutely no factual allegations, against any defendant, which if proven would establish that she suffered any discrimination or adverse employment action under Title VII.  Instead, Plaintiff's complaint contains nothing more than a litany of legal conclusions which are insufficient to sustain the present action.  Accordingly, Defendant's motion to dismiss for failure to state a claim is granted.  The Court, therefore, need not address Defendant's

alternative argument that it is entitled to summary judgment.  An Order consistent with this Opinion will enter.


Date:  May 26, 2016                                          /s/ Ellen S. Carmody
                                                               ELLEN S. CARMODY
                                                               United States Magistrate Judge