UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA KOUTSOUKOS,

       Plaintiffs,                                 Hon. Ellen S. Carmody

v.                                                        Case No. 1:15-cv-816

ADECCO USA, INC., et al.,

       Defendants.

_____/

**OPINION**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, (ECF No. 50), Defendant's Motion for Judgment on the Pleadings, (ECF No. 53), and Defendant's Motion to Dismiss, (ECF No. 57). On May 17, 2016, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (ECF No. 27). For the reasons discussed herein, Defendants' motions are all **granted** and this action is **terminated**.

**BACKGROUND**

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). In August 2013, Plaintiff sought employment with Adecco Staffing. From September 26, 2013, through October 3, 2014, Plaintiff was placed by Adecco in an assignment with the Michigan Education Association. From October 7, 2014, through November 24, 2014, Plaintiff was placed

by Adecco in an assignment with Child and Family Services. From February 27, 2015, through March 10, 2015, Plaintiff was placed by Adecco in an assignment with Lake Trust Credit Union.

Plaintiff's assignment at the Michigan Education Association began "the day after Plaintiff received a response from a defendant in a pending lawsuit." Counsel for this defendant worked in a law firm "right next door to the Michigan Education Association." Plaintiff "was exploited and subjected to harassment while at Michigan Education Association pertaining to the pending lawsuit, to comments regarding the invasion of Plaintiff's privacy at her residences, to comments regarding a fabricated relationship with an employment superior of the Plaintiff, and to interference with Plaintiff's landlord/tenant issues." Plaintiff reported this harassment to the Adecco Human Resource manager who responded by stating to Plaintiff that "the employees weren't talking about you" and that she "was eavesdropping on their conversations and. . .needed to just do her job." Plaintiff was subsequently "moved to two different departments and then removed from employment."

Plaintiff was "exploited and subjected to harassment of the same nature at Child and Family Services and was also told she lost her previous job because she dated someone with whom she had worked." Plaintiff was subsequently "removed from employment." Plaintiff was "exploited and subjected to harassment at Lake Trust Credit Union of the same nature." When Plaintiff reported this harassment, she "was removed from the assignment." The Michigan Education Association, Child and Family Services, and Lake Trust Credit Union "created and allowed a hostile work environment, intruded upon Plaintiff's personal privacy, and removed Plaintiff from employment."

Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) charges of unlawful discrimination against all three organizations. The EEOC dismissed Plaintiff's charges and issued right to sue letters to Plaintiff on May 14, 2015. On August 13, 2015, Plaintiff initiated the present action against: (1) Michigan Education Association; (2) Child and Family Services; (3) Lake Trust Credit Union; and (4) Adecco USA, Inc. On May 26, 2016, the Court dismissed Plaintiff's claims against Defendant Child and Family Services. (ECF No. 29-30). The remaining defendants now move to dismiss Plaintiff's claims on the grounds that such fail to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.[1]  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1] While Defendants have each styled their motions as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), such are evaluated by application of the standard applicable to motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 403 (6th Cir. 2012).

*Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without

converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

Plaintiff's claims are asserted under Title VII of the Civil Rights Act of 1964 which makes it illegal for an "employer" to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). While Plaintiff is clearly invoking Title VII in her complaint, the precise nature of her Title VII claims is not clear. The Court has concluded, however, that Plaintiff is alleging that she was retaliated against in violation of her rights under Title VII.

This conclusion is consistent with the allegations in Plaintiff's complaint. Moreover, it is the only allegation Plaintiff included in her complaints to the Equal Employment Opportunity Commission (EEOC). (ECF No. 1-1 at PageID.5-12). As such, a claim of retaliation is the only Title VII claim Plaintiff can properly assert in this Court. *See, e.g., Kuhn v. Washtenaw County*, 709 F.3d 612, 627 (6th Cir. 2013) ("a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge"); *Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) ("if a plaintiff did not first present a claim to the [EEOC], that claim may not be brought before the federal courts on appeal").

Title VII makes it unlawful for an employer to discriminate against an employee because the employee engaged in conduct protected by Title VII. *See Laster v. City of Kalamazoo*,

746 F.3d 714, 729-30 (6th Cir. 2014) (citing 42 U.S.C. § 2000e-3(a)). In the absence of direct evidence of unlawful retaliation, the familiar *McDonnell Douglas* burden shifting analysis applies. *Id.* at 730. Under this framework, the plaintiff bears the initial burden to demonstrate a prima facie case of retaliation. If the plaintiff makes the required showing, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. If the employer makes the necessary showing, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason "was not the true reason for the employment decision." While the burden of production shifts as described above, "the plaintiff bears the burden of persuasion through the process." *Id.*

To establish a prima facie case of retaliation, Plaintiff must establish the following: (1) she engaged in activity protected by Title VII; (2) the employer was aware of her protected activity; (3) the employer subsequently took an action "that was materially adverse to" Plaintiff; and (4) there exists a causal connection between the protected activity and the materially adverse action. *Laster*, 746 F.3d at 730. With respect to the causation element, Plaintiff must demonstrate that "her protected activity was a but-for cause of the alleged adverse action by the employer." *Montell v. Diversified Clinical Services, Inc.*, 757 F.3d 497, 504 (6th Cir. 2014) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, - - - U.S. - - -, 133 S.Ct. 2517, 2534 (2013)). This standard requires Plaintiff to demonstrate that the adverse action which she suffered was motivated by illegitimate factors only. *See, e.g., Seoane-Vazquez v. Ohio State University*, 577 Fed. Appx. 418 (6th Cir., Aug. 18, 2014) ("a Title VII plaintiff alleging retaliation *cannot* establish liability if [the adverse action she suffered] was prompted by both legitimate and illegitimate factors").

Even if the Court assumes that Plaintiff can establish the first three elements identified above, Plaintiff has alleged no facts which support the existence of the requisite causal connection between Plaintiff's protected activity and the materially adverse action she subsequently experienced. Instead, Plaintiff's complaint contains nothing more than a litany of legal conclusions which are insufficient to sustain the present action. Accordingly, Defendants' motions to dismiss are granted. An Order and Judgment consistent with this Opinion will enter.

Date: October 12, 2016                              /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge